(No. 30147.—<span></span>)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE OTIS BROWN, Plaintiff in Error.

*Opinion filed September 18, 1947.*

GEORGE OTIS BROWN, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (ROBERT H. CHASE, State's Attorney, of Metropolis, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

An indictment returned in the circuit court of Massac county charged the defendant, George Otis Brown, with unlawfully, feloniously, and burglariously breaking into and entering a building, namely, an oil station, the doors and windows being open, with intent to commit larceny and with the larceny of eighty-six dollars belonging to the owner of the station. Brown pleaded guilty and, on December 30, 1944, was sentenced to the penitentiary for an indeterminate term of not less than one year nor more than life for the crime of burglary. The errors relied upon for reversal must be considered solely upon the common-law record, no bill of exceptions having been filed.

Defendant maintains, first, that the indictment should have been quashed since the place from which the money charged to have been stolen was a gasoline filling station rendering 24-hour service, and that the sentence was erroneous, as the charge against him could only be for larceny. He adds, although without support in the common-law record, that no evidence was adduced showing he entered the station on the night of the larceny. The gist of these contentions is that an indictment for burglary cannot be based upon an entry without force. A sufficient answer is that section 36 of division I of the Criminal Code (Ill. Rev. Stat. 1945, chap. 38, par. 84,) declares: "Whoever willfully and maliciously and forcibly breaks and enters, or willfully and maliciously, without force (the doors or windows being open), enters into any dwelling-house, kitchen, office, shop, store-house, warehouse, malt-house, stilling-house, mill, pottery, factory, wharfboat, steamboat, or other water craft, freight or passenger railroad car, church, meeting-house, school-house, or other building, with intent to commit murder, robbery, rape, mayhem, or other felony or larceny shall be deemed guilty of burglary and be imprisoned in the penitentiary for any term of years not less

than one year or for life." Defendant was found guilty of, and sentenced for, the offense of burglary described in the applicable statute.

Defendant contends, further, that he was denied his constitutional right to be represented by counsel. The right to be heard by counsel is guaranteed by section 9 of article II of the constitution of this State. The right of an accused to have counsel appointed by the court is granted by statute. (Ill. Rev. Stat. 1945, chap. 38, par. 730.) Defendant's complaint relates to his statutory right to have an attorney appointed by the court to represent him. In the absence of a bill of exceptions, the presumption obtains that the court discharged its duty to the defendant with respect to the statutory duty of appointing counsel for him if he stated on oath his inability to procure counsel. *People* v. *Bute,* 396 Ill. 588; *People* v. *Corbett,* 387 Ill. 41.

Defendant complains that the trial judge should have fixed minimum and maximum limits of imprisonment instead of sentencing him to an indeterminate term. In sentencing a defendant to an indeterminate sentence under section 2 of the Parole Act, as amended in 1943, (Ill. Rev. Stat. 1945, chap. 38, par. 802,) the court is not required to fix a minimum or maximum limit of duration of imprisonment different from the penalty imposed by law on conviction of the crime, though it may do so within the limitations prescribed in the act. *People* v. *Green,* 394 Ill. 173; *People* v. *Brown,* 389 Ill. 202.

The judgment of the circuit court of Massac county is affirmed.

*Judgment affirmed.*