(No. 44716.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GARY BLAIR *et al.*, Appellants.

*Opinion filed October 2, 1972.*

PAUL BRADLEY, Illinois Defender Project, of Mt. Vernon, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, and DON JOHNSON, State's Attorney, of Pinckneyville (JAMES B. ZAGEL and THOMAS E. HOLUM, Assistant Attorneys General, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In February, 1969, defendants Gary Blair and Jimmy Duncil, after waiving counsel and indictment, pleaded guilty in the circuit court of Perry County to charges of burglary, possession of burglary tools, theft and criminal damage to property. Each defendant was sentenced to imprisonment for concurrent terms of two to four years for the offense of burglary, one and one-half to two years for possession of burglary tools, one year for the offense of theft and six months for the charge of criminal damage to property.

In December, 1969, the defendants, represented by counsel, filed a motion to vacate the judgments in the burglary and possession-of-burglary-tools cases. (Ill.Rev. Stat. 1969, ch. 110, par. 72.) Pursuant to that motion the circuit court vacated the judgment of conviction as to those two offenses, finding that the car wash structure here involved was not a "building," as that word is used in the burglary statute (Ill.Rev.Stat. 1969, ch. 38, par.

19—1). The appellate court reversed (*People v. Blair (1971), 1 Ill.App.3d 6*) and we granted leave to appeal.

The Illinois burglary statute in part provides:

> "A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in the Illinois Motor Vehicle Law, approved July 11, 1957, as amended, railroad car, or any part thereof, with intent to commit therein a felony or theft." Ill.Rev.Stat. 1969, ch. 38, par. 19—1(a).

The car wash in question consists of wash bays or stalls completely open at each end (there are no doors), a roof, concrete side walls and floor; attached to the side walls are the washing apparatus and a coin box. The defendants allegedly drove into one of the stalls, washed their car and then forced open the coin box and fled.

Defendants first assert that, inasmuch as the issue of whether this car wash falls within the meaning of the word "building" as used in the burglary statute is a question of fact, the appellate court erred in reversing the findings of the trial court. We disagree.

The proper construction of a statute and its applicability to undisputed facts are questions of law subject to independent determination by a reviewing court (53 Am. Jur., Trial, sec. 253, p. 216; 34 I.L.P., Trial, sec. 111, p. 550; *cf. Danhof v. Osborne (1957), 11 Ill.2d 77; Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co. (1961), 22 Ill.2d 305*), and we are of the opinion that the appellate court correctly construed the word "building" in the context of the burglary statute to include the structure in question.

The Criminal Code contains no definition of the word "building", and, in the absence of a statutory definition indicating a different legislative intention, the courts will assume that statutory words have their ordinary and popularly understood meanings (*Farrand Coal Co. v. Halpin (1957), 10 Ill.2d 507; Bowman v. Armour and Co. (1959), 17 Ill.2d 43*).

374

This court in construing the pre-1961 burglary statute has stated: "A building, within this act, has been defined as a fabric, structure or edifice, such as a house, church, shop or the like, designed for the habitation of men or animals or for the shelter of property; a structure. (9 Corpus Juris, 684; *Clarke v. State, 69 Wis. 203, 33 N.W. 436.*)" (*People v. Gillespie (1931), 344 Ill.2d 290, 294.*) That definition remains valid today, for the present burglary statute was a mere codification of the pre-existing law in Illinois (Committee Comments, S.H.A. 1970, ch. 38, par. 19—1, p. 307-8). In our opinion the car wash in this case comes within that definition. It is a structure designed for the shelter and protection of the car wash equipment and the fact that it is not completely enclosed does not necessitate a contrary conclusion. (*Gillespie, 344 Ill. 290.*) Notably, in *Gillespie* this court held that a toolshed which was partially open on three sides, the walls not yet having been completed, was a building within the meaning of the burglary statute.

The defendants also argue that inasmuch as the car wash was a public place their entry was not "without authority" and therefore no burglary was committed. Contrary to the defendants' assertion, "authority to enter a business building, or other building open to the public, extends only to those who enter with a purpose consistent with the reason the building is open." (*People v. Weaver (1968), 41 Ill.2d 434, 439.*) Defendants here entered with admitted intent to commit a theft.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*