THE PEOPLE ex rel. TERRY LEE McLAIN, Petitioner-Appellant, v. VERNON G. HOUSEWRIGHT, Warden, Illinois State Penitentiary at Vienna, et al., Respondents-Appellees.

(No. 72-154; ▉▉▉▉▉▉

Fifth District—February 13, 1973.

804

John F. McNichols, of Defender Project, of Springfield, for appellant.

L. Stanton Dotson, State's Attorney, of Charleston, and J. Lewis Wingate, State's Attorney, of Vienna, both for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

In the Circuit Court of Coles County, Petitioner, Terry Lee McLain, pleaded guilty to an indictment charging burglary and was sentenced to the penitentiary for a term of not less than two nor more than ten years. This appeal is from an order of the Circuit Court of Johnson County

denying a petition for a writ of *habeas corpus* challenging the jurisdiction of the trial court on the grounds that the indictment did not charge a public offense.

The statute (Ill. Rev. Stat. 1969, ch. 38, sec. 19—1(a)) provides:

"A person commits burglary when without authority he knowingly enters or without authority remains within a building * * * with intent to commit therein a felony or theft * * *."

The indictment read in pertinent part as follows:

"* * * that TERRY LEE McLAIN * * * did then and there knowingly enter a certain building, namely, the store building of Wilb Walker's Supermarket located at 2014 Western Avenue, in the City of Mattoon, County and State aforesaid, owned and occupied by Wilb Walker's Supermarket, Inc., a corporation, d/b/a Wilb Walker's with intent to commit therein theft in violation of the Illinois Revised Statutes 1969, Chapter 38, Section 19—1 * * *."

Petitioner contends that one of the essential elements of the crime of burglary is that the entry be made "without authority"; that the indictment to which he pleaded guilty did not include this statutory requirement, and, therefore, did not charge a public offense and was void. In effect, he concedes that he entered the supermarket with intent to commit a theft but argues that because his authority to enter the building was not negatived by the indictment no crime was charged and his plea was ineffective. Though not specifically stated, the argument rests on the theory that the crime of burglary cannot be charged or even committed in a public building because authority to enter is available to everyone upon the implied invitation of the owner.

■■■ We cannot agree with this argument. It has been firmly established in Illinois that a public place can be the subject of a burglary. In *People v. Weaver*, 41 Ill.2d 434, the court recognized that the burglary statute requires an unauthorized entry and that a criminal intent formulated after a lawful entry will not satisfy the statute. However, the court found specifically that authority to enter a business building, or other building open to the public, extends only to those who enter with a purpose consistent with the reason the building is open, and that an entry with intent to commit a theft cannot be said to be within the authority granted patrons of a laundromat. In *People v. Schneller*, 69 Ill.App.2d 50, the court held that entry to a museum with intent to commit a theft was without authority, stating that the authority of one who accepts a public invitation to enter is necessarily coincident with the terms of the offer, and it would be contrary to reason and ordinary human understanding

to deduce that the welcome extended under such circumstances includes authority to enter for any different purpose, especially one which is unlawful or criminal.

■■ In view of the fact that the building alleged to have been burglarized in the case before us was a supermarket open to the public, it necessarily follows that entry was authorized only if made within the purpose of the business invitation. But a contrary purpose is charged and accepted, not only by petitioner's voluntary plea of guilty, but also in his argument on appeal, in which he concedes that his entry was for the purpose of committing a theft. He objects only to the technical omission from the indictment of the phrase "without authority". We do not believe, under the facts of this case, that such omission constituted an invalidation of the indictment.

■■ The rule is that an indictment is sufficient where it states the elements of the offense with sufficient particularity to apprise the accused of the crime charged and to enable him to prepare his defense and permit a conviction or acquittal to be pleaded in bar of a subsequent prosecution for the same offense. (*People v. McDavid,* 3 Ill.App.3d 169.) It is not necessary that an indictment contain all the language of the statute on the subject, but it is sufficiently technical and correct if it states the offense in language sufficiently explicit that defendant may know the nature of the charge against him and the jury hearing the cause may understand it. (*People v. Love,* 310 Ill. 558.) Words may be omitted if they are necessarily implied from those contained in the charge. (41 Am.Jur.2d, *Indictments and Information,* Sec. 91.) In *People v. Stewart,* 3 Ill.App.3d 699, we recently recognized these principles when we stated that the unlawful conduct charged must be "averred either by express allegation or by the use of terms, or the statement of facts, which clearly imply such unlawfulness".

■■ The language of the subject indictment clearly charged the entry of a public business establishment for the purpose of committing a theft. The lack of authority to enter for such unlawful purpose is implicit in the charge itself, for, as stated in *People v. Schneller* (*supra*), it would be contrary to reason and ordinary human understanding to deduce that the business invitation extended by the owners of the supermarket to the public generally would include authority to enter for an unlawful purpose. In *People v. Ray,* 5 Ill.App.3d 624, cited by petitioner, the indictment failed to charge that the acts of the accused were wilful and wrongful. In the absence of wilfulness the acts of the accused in disposing of collateral and failing to pay the proceeds to an insured party would not have constituted a public offense. Such is not the situation in the facts now before us. Here, the indictment, directly and by necessary im-

plication, charges the public offense of burglary as defined by statute leaving no room for a plea of guilty based on innocent conduct. The petitioner was fully apprised of the crime charged and his conviction or acquittal could be pleaded in a bar of a subsequent prosecution for the same offense.

Accordingly the judgment of the Circuit Court of Johnson County denying petitioner's petition for a writ of *habeas corpus* is affirmed.

Affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.