THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERWIN KLEIN, Defendant-Appellant.

(No. 59017;

First District (4th Division)—May 22, 1974.

O'Brien and Trittipo, Ltd., of Chicago (Donald V. O'Brien and Peter B. Carey, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Mary Ellen Dienes, and John B. Adams, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant was found guilty of operating a motor vehicle in excess of the maximum weight permitted by law, in violation of section 15—111 of the Illinois Motor Vehicle Code. (Ill. Rev. Stat.

1971, ch. 95½, § 15—111.) The defendant was fined the sum of $10,270.00 plus costs.

The only issue presented on appeal is whether the statutory exemption set out in section 15—111(e) of the Illinois Motor Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, § 15—111(e)) is applicable to the defendant.

On January 7, 1972, the defendant, Erwin Klein, was arrested and charged with operating a motor vehicle in excess of the maximum weight permitted by law, and in excess of the maximum width permitted, in violation of sections 15—111 and 15—102 of the Illinois Motor Vehicle Code. Prior to trial the defendant made an offer of proof as an affirmative defense to the overweight charge that at the time of his arrest he was transporting equipment needed for an emergency repair of a public service facility and, therefore, came under the statutory exemption provided by section 15—111(e) (Ill. Rev. Stat. 1971, ch. 95½, § 15—111(e)). More specifically, the defendant requested an opportunity to demonstrate the vehicle in question, a lowboy, upon which was loaded a Northwest 80D backhoe, was being transported in order to repair certain trench cave-ins which had occurred during the course of the performance of a contract between the defendant's employer and the Metropolitan Sanitary District of Greater Chicago. The trial judge rejected the defendant's offer of proof on the ground the statutory exemption applied only to vehicles operated by a public utility when transporting equipment for the emergency repair of "existing" public works. Following the trial judge's ruling the defendant waived a jury trial and proceeded to trial before the court. The defendant was found guilty of both the overwidth and overweight charges and was fined $10,270.00 plus costs on the overweight charge. The defendant does not contest the finding as to the overwidth charge.

The defendant contends the court erred in ruling the statutory exemption applies only where repair machinery is being transported to an "existing" public works. In support of his contention, the defendant relies on section 15—111(e) of the Illinois Motor Vehicle Code, which states:

"Weight limitations shall not apply to vehicles (including loads) operated by a public utility when transporting equipment required for emergency repair of public service facilities or properties."

(Ill. Rev. Stat. 1971, ch. 95½, § 15—111(e).)

Defendant maintains the word "existing" does not appear in the statute and, therefore, cannot be considered a condition precedent to the applicability of the exemption set out in section 15—111(e).

■■ We believe the statutory exemption prescribed in section 15—111(e) of the Illinois Motor Vehicle Code is applicable to the defendant in the instant case. No restrictive language limiting the applicability of the exemption to facilities already in existence appears in the statute. It

is well settled that in the absence of an expressed legislative intention to the contrary, courts will assume that statutory words were intended to convey their ordinary and popularly understood meanings. (*People v. Blair* (1972), 52 Ill.2d 371.) An examination of the statute in question clearly indicates the intent of the legislature was to permit public utilities to meet their responsibilities and respond immediately to unanticipated emergencies for the protection of the public. We construe the statute to include those situations where emergency repair of a public service facility then under construction is necessary. Considering the purpose of the statutory exemption, we find no difference between an emergency arising in connection with an existing facility and an emergency which arises during the construction of such a facility.

■■ A review of the record in the case at bar reveals no disagreement between the parties that the Metropolitan Sanitary District of Greater Chicago in constructing and operating a sanitary storm sewer is a public utility within the meaning of the Illinois Motor Vehicle Code. Further, there is no doubt that the sudden and unexpected cave-ins of the trenches constituted an emergency situation requiring immediate repair in order to prevent serious harm to the men working at the job site and to prevent interference with the completion of the public service facility. We conclude, therefore, section 15—111(e) of the Illinois Motor Vehicle Code was applicable to the defendant at the time of his arrest.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed.

Reversed.

BURMAN and JOHNSON, JJ., concur.