THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEE FLOWERS, JR., Defendant-Appellant.

Second District No. 76-159

Opinion filed August 30, 1977.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Elgin, for appellant.

William E. Sisler, State's Attorney, of Freeport (James E. Hinterlong, Linda M. Vodar, and Phyllis J. Perko, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was charged by information with the offense of attempt (burglary), involving an alleged attempted entry of a "Clark Super 100 gasoline station."

At trial, the night clerk of the hotel which is located across the street from the "Clark gasoline station" testified that he saw two men approach the station and shortly afterward, at 2:30 a.m., heard a noise "like a

hammer hitting against cement." The clerk called the police, and a short time later, saw a man whom he identified as the defendant, come out from behind the station and "holler something"; the pounding noise then ceased. After the police arrived the clerk saw the defendant walk away from the station, while a second suspect ran in another direction.

The police apprehended the defendant and the other suspect, Stephen Watts. They discovered a hole in the back wall of the gas station at approximately 6½ to 7 feet above the ground. A louver was found, sitting on top of a garbage can, and the paint on the louver matched the color of paint found around the hole in the wall. The louver was bent at the point where screws would secure it to the wall, and there were "chips" out of the cement around the hole. The officers retraced the steps of Stephen Watts, and discovered a hammer with marks on it which matched the paint on the louver.

No employee or proprietor of the service station testified, and there was no testimony as to the possession or ownership of the service station, although various witnesses identified it as the "Clark Super 100 Gasoline Station," or the "Clark Station" and the record contains a reference to the station's "manager." The defendant made a "motion to dismiss" at the end of the State's case which raised a number of specific contentions regarding the evidence, but did not raise the question of proof of ownership. This motion was denied and the jury returned a verdict of guilty. The defendant was sentenced to one to three years imprisonment.

On appeal, the defendant contends that the State failed to prove him guilty of an attempted burglary, since there was no evidence of possession or ownership of the premises where the attempted burglary took place, or the defendant's lack of authority to enter them.

■■ The State has contended that these points were waived by the defendant's failure to mention them in his motion at the conclusion of the State's case, and his failure to raise them by post-trial motion. The State's waiver argument is erroneous, however, since the question of whether the State has failed to prove an essential element of its case can be raised for the first time on appeal. *People v. Walker* (1955), 7 Ill. 2d 158.

■■■ Nonetheless, there is no merit to the defendant's argument that the State failed to prove all of the elements necessary to sustain the conviction. There is no question but that the fact that an attempted entry is unauthorized is an essential element of the State's case in chief, where the indictment or information charges an attempted burglary. However, this element of the offense, like any other, can be proven by circumstantial evidence. (See *People v. Darrah* (1974), 18 Ill. App. 3d 1018.) Here, the time (2:30 a.m., which was three hours after the service station closed for business) and manner of the attempted entry belied any claim that such an entry was authorized and justified a jury finding by

inference from the facts that the defendant lacked the authority to enter the service station.

■■ The defendant's contention that the State's failure to prove possession or ownership of the "Clark Super 100 service station" requires a reversal of his conviction is equally erroneous. Until recently it was held that both the allegation and the proof of possession or ownership of the burglarized premises was an essential element of the State's case in a prosecution for burglary or attempted burglary. (See, *e.g.*, *People ex rel. Ledford v. Brantley* (1970), 46 Ill. 2d 419; *People v. Johnson* (1960), 20 Ill. 2d 336.) The purpose of this requirement was threefold: evidence that the burglarized premises was owned or possessed by someone other than the defendant was important in establishing that the defendant's entry was unauthorized, the identification of the owner of the premises was said to assist a defendant in presenting his defense, and such identification was also deemed necessary to protect the defendant from double jeopardy. (See *People ex rel. Ledford v. Brantley* (1970), 46 Ill. 2d 419, 423 (Underwood, Chief Justice, dissenting).) However, in *People v. Gregory* (1974), 59 Ill. 2d 111, the court, overruling *People ex rel. Ledford v. Brantley*, sustained an indictment for burglary which lacked any allegation of either possession or ownership of the burglarized property, but instead merely set forth its name and address ("the Beauty Corner"). The court held that the indictment was sufficient both to enable the defendant to prepare his defense and to protect the defendant from being subsequently prosecuted for the same crime. Although the court's opinion in *Gregory* dealt with the sufficiency of criminal pleadings, rather than of proof, we believe that it has equal application to the instant case. It is therefore unnecessary for the State to prove the identity of the owner or possessor of the burglarized premises, provided the proof otherwise establishes that the entry was unauthorized, and the pleadings and proof are sufficiently specific to enable the defendant to present a defense, if he has one, and to protect the defendant from a second prosecution for the same offense.

Chief Justice Underwood observed, in his dissenting opinion in *Ledford,* that:

> "* * * Burglary is proscribed because it consists of an unauthorized invasion of a building or vehicle with intent to commit a felony or theft. It matters not a whit who owns the building as long as it is one as to which the entry is unauthorized. * * *." (46 Ill. 2d 419, 423.)

The proofs established beyond a reasonable doubt that the defendant's attempted entry here was unauthorized. The information and evidence was specific as to the time (2:30 a.m. on October 14, 1975) and place (the Clark Super 100 gasoline station at 231 E. Stephenson Street, Freeport,

Illinois) of the attempted burglary. The defendant was sufficiently apprised of the State's version of the event to enable him to present a defense. The record below, as well as this opinion, will stand as an effective bar to a subsequent prosecution for the attempted burglary of the particular Clark Super 100 service station on October 14, 1975. Thus, the lack of evidence regarding ownership or possession of the Clark service station "matters not a whit" in the context of this case, and a reversal of the defendant's conviction is therefore unwarranted.

■■ The defendant has also contended that the trial court erred in failing to give the second paragraph of the Illinois Pattern Jury Instruction, Criminal, No. 3.02. Since this point was not raised by post-trial motion, we find it to have been waived. *People v. Clark* (1976), 42 Ill. App. 3d 472.

For the foregoing reasons the judgment and sentence of the circuit court of Stephenson County is therefore affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.