THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AARON BAKER *et al.*, Defendants-Appellants.

Second District Nos. 77-198, 77-212 cons.

Opinion filed April 17, 1978.

Douglas Drenk and Lee A. Marinaccio, both of A. E. Botti Law Office, of Wheaton and John M. Cutrone, of Edward M. Genson Law Office, of Chicago, for appellants.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendants, Aaron Baker and Robert L. Click, were convicted of burglary and two counts of felony theft following a joint jury trial. On motion of the State the theft convictions were vacated prior to sentencing and Baker was sentenced to a term of 2 to 6 years imprisonment and Click to a term of 5 to 15 years imprisonment for the burglary.

On appeal defendants contend, among other things, that the State failed to prove them guilty beyond a reasonable doubt. We find they are

correct in this contention and we must reverse their burglary convictions. Because of our determination of this issue we find it unnecessary to consider the other contentions raised by defendants.

The evidence adduced at trial can be briefly summarized as follows. At about 1:30 a.m. on June 8, 1976, a motorcycle and pickup truck were stolen from a basement garage of the Pebblewood housing complex in Naperville, Illinois. A witness observed the truck being driven out of the garage with a large motorcycle shaped object in its bed covered by a tarpaulin, but he was not able to discern the number or identity of occupants of the truck. Following directly behind the truck as it left the garage was a car, bearing a license plate number registered to defendant Baker, which apparently contained only the unidentified driver. At 2:25 a.m. a police officer, who was aware of the reported theft, saw the stolen truck and Baker's car together at a traffic light and followed them. The truck (the bed was apparently empty at that time) accelerated to a high rate of speed and the officer gave chase. As he passed Baker's car the officer noticed that it contained two unidentified occupants. A short time later the truck was found abandoned by the officer. At 2:35 a.m. Baker's car was observed by another police officer, who was aware of the reported theft, and he followed it for a short time until it pulled into the driveway of Click's residence. Baker and Click exited the car from the driver and passenger sides of the front seat, respectively, and were arrested. A tarpaulin used by the owner of the motorcycle to cover it when parked in the garage was found in the trunk of Baker's car. A cable which had secured the motorcycle to a post in the garage had been cut there with a torch and an acetylene torch was found in a suitcase in Baker's trunk. An acquaintance of defendant Baker testified that a statement was made to him by Baker, at a time after the burglary, to the effect that Baker and another person had gone to get a motorcycle from a garage and were thereafter arrested. Defendants' defense at trial was one of alibi, that they had been in a tavern and the parking lot thereof together with friends from 9:30 p.m. on June 7, 1976, until about 2:20 a.m. on the date of the offense. Defendant Baker testified that at midnight he loaned his car to an acquaintance who promised to return it by 1 a.m. When the tavern closed at 1 a.m. the car had not yet been returned so Baker and Click, who was to ride home with him, waited in the parking lot until 2:20 a.m., when it was finally returned. No evidence was presented identifying either defendant as having been at the scene of the offense that evening or in the car seen by the officer near the stolen truck.

Defendants contend the State failed to prove them guilty of burglary beyond a reasonable doubt since it failed to prove an essential element of the charges, that their alleged entry of the housing complex was without authority.

The State has the burden of proving beyond a reasonable doubt each of the essential elements constituting the crime with which the defendant is charged (*People v. Stone* (1973), 15 Ill. App. 3d 926, 928, 305 N.E.2d 645, 646), and a determination of guilt by a jury will not be set aside unless the evidence is so unreasonable, improbable or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt (*People v. Tate* (1976), 63 Ill. 2d 105, 108, 345 N.E.2d 480, 482).

■■ Section 19—1(a) of the Criminal Code of 1961 provides, in part, that "[a] person commits burglary when without authority he knowingly enters or without authority remains within a building, * * * or any part thereof, with intent to commit therein a felony or theft." (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).) This statute requires an entry of a building by a defendant which is both without authority and with intent to commit a felony or theft. (*People v. Weaver* (1968), 41 Ill. 2d 434, 438-39, 243 N.E.2d 245, 248, *cert. denied* (1969), 395 U.S. 959, 23 L. Ed. 2d 746, 89 S. Ct. 2100; *People v. Harris* (1975), 33 Ill. App. 3d 600, 602, 338 N.E.2d 129, 130.) A criminal intent formed after a lawful entry will not satisfy the statute. (*Weaver*, 41 Ill. 2d 434, 439, 243 N.E.2d 245, 248.) The fact that an entry of a building is without authority is an element of the offense which, like any other, can be proved by circumstantial evidence. *People v. Underhill* (1967), 38 Ill. 2d 245, 253, 230 N.E.2d 837, 842, *cert. denied* (1968), 391 U.S. 912, 20 L. Ed. 2d 651, 88 S. Ct. 1803; *People v. Flowers* (1977), 52 Ill. App. 3d 301, 303, 367 N.E.2d 453, 455.

■■ The State argues that proof of an entry with the intent to commit a theft or felony supports a presumption that the entry was unauthorized and separate proof of this element is unnecessary. We are aware of cases holding that authority to enter a business building or other building open to the public extends only to those who enter with a purpose consistent with the reason the building is open and that an entry into such a building with intent to commit a theft cannot be said to be within the authority granted those who might enter. (*People v. Blair* (1972), 52 Ill. 2d 371, 288 N.E.2d 443; *People v. Weaver* (1968), 41 Ill. 2d 434, 243 N.E.2d 245, *cert. denied* (1969), 395 U.S. 959, 23 L. Ed. 2d 746, 89 S. Ct. 2100.) These holdings were in response to arguments that because the buildings were open to the public, any entry during business hours would be with authority and therefore no burglary could be committed therein. In our view these cases are clearly distinguishable from the case at bar where the public building aspect is absent; we are concerned here with a private parking garage open only to those who are authorized by the owners and tenants to enter. We find no authority warranting extension of the principle urged by the State to the present case and believe that the element of entry without authority must be established apart from the

element of entry with intent to commit a felony or theft in this circumstance.

The State also argues that, in any event, the element of unauthorized entry was adequately shown by circumstantial evidence, citing *People v. Flowers* (1977), 52 Ill. App. 3d 301, 367 N.E.2d 453. In that attempted burglary prosecution the court found unauthorized entry was proved by circumstantial evidence where defendants attempted to break into a gas station at 2:30 a.m., three hours after closing time, by using a hammer to tear a louver from a back wall, thus leaving a hole in the wall. The court was of the opinion that these circumstances belied any claim of authorized entry and justified the inference by the jury of unauthorized entry. The present case is clearly distinguishable from *Flowers*. We find the record here lacks direct or circumstantial evidence to prove entry without authority beyond a reasonable doubt and, to the contrary, tends to suggest these defendants, if present at the time of the theft, had authority to be in the building.

The president of the corporation which had developed the Pebblewood complex testified that it was an 80-unit condominium building. On the date of the crime his corporation owned 17 of the units, four of which had been rented, and the rest of the units were owned by unspecified parties. The common areas of the building, such as the parking garage from which the trunk and motorcycle were taken, were owned by the Pebblewood Home Owners Condominium Association of which his corporation and all the other owners were members. He testified that a document shown to him by the prosecutor was a lease form used by his corporation and that the signature of the lessee thereon was defendant Robert L. Click. There was no testimony as to the term of the lease and the document and was not admitted in evidence. Although he testified his corporation managed Pebblewood, the witness was not asked whether either of the defendants was an owner or tenant on the date of the crime or whether they otherwise had any authority to enter the building. A resident of Pebblewood testified that he had previously, at some unspecified time, seen Click around the premises and in the garage and that he, Click, used to park his car near the stolen pickup truck in the garage.

■■ In our view this evidence does not support an inference that the alleged entry by defendants into the Pebblewood garage was unauthorized. In fact, the testimony regarding the lease and the observance of Click's use of the garage would suggest that he lived in Pebblewood or had authority to enter the premises on the date of the offense. Furthermore, there is no evidence indicating any forceful entry of the garage which might support an inference of unlawful entry as in

*Flowers*. While we note that there was testimony that Baker resided in Geneva, Illinois, and Click in West Chicago, Illinois, on the date of the offense, we do not find this sufficient of itself, or in conjunction with the other evidence, to justify a belief that the State proved beyond a reasonable doubt that defendants entered the garage without authority. Had the convictions before us been for theft, we necessarily would view the evidence differently. In that event, proof of an unlawful entry would not be required as it is for burglary. It is just as probable under this evidence that defendants, if in the building, were there with authority as without it; Click by virtue of a tenancy and his friend, Baker, at Click's invitation.

We also agree with Click's further contention that the totality of the evidence relating to him fails to prove beyond a reasonable doubt that he committed the burglary. The prosecutor fully summarized the evidence against Click in his closing argument when he stated that one witness testified he saw Click, "parking his car kitty-corner on several occasions from the red truck.* * * Other than that evidence, the only other evidence against this Defendant Click is that he is with Aaron Baker one hour after the offense." This evidence is so unsatisfactory as to justify a reasonable doubt that Click participated in the alleged burglary.

For the reasons discussed above the burglary convictions of both defendants are reversed.

Reversed.

SEIDENFELD, P. J., and BOYLE, J., concur.