*In re* S.R.H., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* S.R.H., Respondent-Appellant.)

Second District    No. 81-584

Opinion filed May 12, 1982.

REINHARD, J., dissenting.

Mary Robinson, of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Schumacher, State's Attorney, of Oregon (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The respondent, S.R.H., was adjudicated delinquent and a ward of the court following a hearing on a supplemental petition filed by the State on March 3, 1981, pursuant to section 4—1 of the Juvenile Court Act (hereinafter the Act) (Ill. Rev. Stat. 1979, ch. 37, par. 704—1). A previous petition to revoke probation filed on January 14, 1981, alleging the respondent's commission of a theft, was never acted upon. The supplemental petition alleged the respondent was delinquent in that: "On or about February 28, 1981, in Monroe Center, Ogle County, Illinois, said minor did commit the offense of burglary in violation of section 19—1 of Chapter 38 of the Illinois Revised Statutes of said State, in that said minor knowingly entered a building, a garage of James Marx, located at Rural Route 1, Eddy Road, Monroe Center, Illinois, with the intent to commit therein a theft."

In oral argument following the adjudicatory hearing, the respondent's attorney argued *inter alia* that the petition failed to allege the respondent entered the garage "without authority" and, therefore, no cause of action had been stated against him. Later, the trial court found counsel's argument unavailing, citing *People ex rel. McLain v. Housewright* (1973), 9 Ill. App. 3d 803. That case followed the "public building doctrine" in holding that an indictment charging the burglary of a supermarket was not invalid for lack of the phrase "without authority." Immediately after the court denied the respondent's motion for discharge, defense counsel here sought to, and was allowed to, reopen the evidence in order to present additional testimony which tended to show the respondent had authority to be in the garage. After argument, the trial court

found the respondent's authority or lack of it was not dispositive since he entered and/or remained in the garage with the intent to commit theft and, therefore, he committed a burglary. The respondent was sentenced to the Department of Corrections, Juvenile Division, following the disposition hearing. A post-trial motion was filed which did not specifically raise the issue of the sufficiency of the supplemental petition for failure to allege the respondent was "without authority" to enter the garage. According to the docket record sheets, that motion was heard and denied on May 14, 1981, but no report of proceedings was included in the record on appeal. The notice of appeal was timely filed.

The respondent raised three issues, only one of which we need consider here: whether the supplemental petition under which the respondent was adjudicated delinquent was fatally defective in that it charged him with burglary, but did not allege that he entered the garage "without authority." We determine that it was fatally defective, and we reverse.

In its argument to affirm, the State relies on the same precedent the trial court had, *People ex rel. McLain v. Housewright* (1973), 9 Ill. App. 3d 803, for the proposition that the omission of the phrase "without authority" from a burglary indictment did not invalidate the charging document. The court there reasoned that since the authority of a person to enter a public building is limited to entry consistent with the reason the building is open, entry with the unlawful intent to commit a felony makes the entry unauthorized. Thus, mere entry of a public building with a wrongful intent allows the inference that the entry is unauthorized. In further support of its argument, the State asserts that a juvenile petition need not be as strict as an adult pleading, citing *In re Whittenburg* (1973), 16 Ill. App. 3d 224.

The respondent distinguishes *Whittenburg* on the basis that even though the petition there failed to include a necessary element of aggravated battery—"great bodily harm or permanent disability or disfigurement"—the petition was nevertheless held to be sufficient to bring the minor within the statutory definition of delinquency because the allegations which were set forth in the petition stated a cause of action for simple battery. The respondent finds *Housewright* distinguishable as well, for the reason that the premises burglarized there was a supermarket. As such, the *Housewright* court considered all members of the public have authority to enter such public buildings provided they enter with lawful intentions. The instant case is distinguishable in that the respondent entered through the open door of a garage attached to a private residence. The residence belonged to a minister of whose church youth group the respondent was a member. The respondent asserts that this court in *People v. Peace* (1980), 88 Ill. App. 3d 1090, and in *People v. Baker* (1978), 59 Ill. App. 3d 100, has explicitly refused to extend the

public building rationale expressed in *Housewright* to apply to private premises; thus, respondent contends the element of entry without authority must be established apart from the element of entry with intent to commit a theft.

According to sections 2—1, 2—2, and 4—1(2)(a) of the Act:

"§2—1. * * * Proceedings may be instituted under the provisions of this Act concerning boys and girls who are delinquent, * * * as defined in Sections 2—2 through 2—5."

"§2—2. * * * Those who are delinquent include any minor who prior to his 17th birthday has violated or attempted to violate, * * * any federal or state law or municipal ordinance; * * *."

"§4—1(2). * * * [The petition for adjudication shall] set forth (a) facts sufficient to bring the minor under Section 2—1; * * *."

Ill. Rev. Stat. 1979, ch. 37, pars. 702—1, 702—2 and 704—1(2).

■■ Consequently, a petition for adjudication of delinquency must set forth facts sufficient to show that the minor has violated or has attempted to violate any Federal or State law or municipal ordinance.

The instant supplemental petition purported to charge the respondent with burglary committed in violation of State law. (Ill. Rev. Stat. 1979, ch. 38, par. 19—1(a).) As observed in *People v. Weaver* (1968), 41 Ill. 2d 434, 438-39:

"While a common-law breaking is no longer an essential element of the crime of burglary (reference and citation omitted), the statute requires an entry which is both without authority and with intent to commit a felony or theft. (Ill. Rev. Stat. 1967, chap. 38, par. 19—1.) A criminal intent formulated after a lawful entry will not satisfy the statute. But authority to enter a *business* building, or other building *open to the public*, extends only to those who enter with a purpose consistent with the reason the building is open. [Citation.] * * *." (Emphasis added.)

The court in *Housewright* followed *Weaver* in rejecting the defendant's theory there that the crime of burglary cannot be charged or even committed in a public building because authority to enter is available to everyone upon the implied invitation of the owner. The State finds the fact that the premises burglarized in *Housewright* was a supermarket and in the instant cause it was a private garage is a "distinction without a difference." We cannot agree with the State's assessment, and observe, as respondent argues, that this court has previously specifically refused to give *Weaver*—hence, *Housewright*—so broad an application as now urged by the State. This court in *People v. Baker* (1978), 59 Ill. App. 3d 100, 102-03, expressed itself thusly:

"We are aware of cases holding that authority to enter a business building or other building open to the public extends only to those

who enter with a purpose consistent with the reason the building is open and that an entry into such a building with intent to commit a theft cannot be said to be within the authority granted those who might enter. (Citations omitted.) These holdings were in response to arguments that because the buildings were open to the public, any entry during business hours would be without authority and therefore no burglary could be committed therein. In our view these cases are clearly distinguishable from the case at bar where the public building aspect is absent; we are concerned here with a private parking garage open only to those who are authorized by the owners and tenants to enter. We find no authority warranting extension of the principle urged by the State to the present case and believe that the element of entry without authority must be established apart from the element of entry with intent to commit a felony or theft in this circumstance."

■■ The garage in the instant cause was also a private garage, open only to a number of members of the minister's church youth group. Consequently, we find that the element "without authority" is a necessary one in an instrument charging the burglary of premises which are not business buildings or buildings open to the public.

■■ The standard for review of the sufficiency of a charging instrument which has first been objected to in the trial court is:

" '[W]hether the document sets forth the nature and elements of the offense charged in accordance with section 111—3 of the Code of Criminal Procedure of 1963 * * *.' " (*People v. Kavinsky* (1981), 98 Ill. App. 3d 579, 583, citing *People v. Lutz* (1978), 73 Ill. 2d 204 and *People v. Hayes* (1979), 75 Ill. App. 3d 822; Ill. Rev. Stat. 1979, ch. 38, par. 111—3(a)(3).)

The fact the respondent's challenge to the sufficiency of the charging instrument here occurred at trial makes the aforegoing the applicable standard rather than the standard which is applied when the challenge occurs for the first time on appeal. In that instance, the standard is whether the charge apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow the pleading of a resulting conviction as a bar to future prosecutions arising out of the same conduct. (*People v. Walker* (1980), 83 Ill. 2d 306, 314; *People v. Johnson* (1979), 69 Ill. App. 3d 248, 250-52; *People v. Pujoue* (1975), 61 Ill. 2d 335, 339.) Where an element of the offense intended to be charged is not set forth in an indictment, it fails to state an offense and it is void. (*People v. Kavinsky* (1981), 98 Ill. App. 3d 579, 583; *People v. Abrams* (1971), 48 Ill. 2d 446.) By the omission of the element "without authority," no offense was stated, and the supplemental petition must be viewed as

having failed to state sufficient facts to bring the minor within the statutory definition of "delinquent."

Accordingly, we conclude the trial court erred in denying the respondent's motion for discharge, and we reverse.

The judgment of the circuit court of Ogle County is reversed.

Judgment reversed.

HOPF, J., concurs.

JUSTICE REINHARD, dissenting:

In my opinion both *People ex rel. McLain v. Housewright* (1973), 9 Ill. App. 3d 803, 293 N.E.2d 911, *appeal denied* (1973), 53 Ill. 2d 610, and *People v. Alequin* (1973), 12 Ill. App. 3d 837, 298 N.E.2d 723, expressly hold that omission of the words "without authority" in a charging instrument alleging the offense of burglary is not a defect fatal to the sufficiency of the charge. As stated by the court in *Housewright,* wherein the words "without authority" were omitted from the indictment:

> "The petitioner was fully apprised of the crime charged and his conviction or acquittal could be pleaded in a bar of a subsequent prosecution for the same offense." 9 Ill. App. 3d 803, 807, 293 N.E.2d 911.

The rationale of the majority is that *Housewright* is distinguishable from the instant case since the burglary charged in *Housewright* was of a public building. The logical conclusion that follows from that reasoning is that the words "without authority" must be contained in the charging instrument alleging burglary of private premises but are not required when burglary of a business building or building open to the public is charged. I find that position to be unsustainable in logic and precedent. In my judgment the majority should either expressly decline to be bound by *Housewright* and *Alequin* or follow precedent. Any attempt to distinguish those cases is erroneous in my view, and I would adhere to them as precedent on the sufficiency of the charge issue.

I must add that I agree with the decisions in both *People v. Peace* (1980), 88 Ill. App. 3d 1090, 411 N.E.2d 334, and *People v. Baker* (1978), 59 Ill. App. 3d 100, 375 N.E.2d 176. However, the distinction between the holding in those cases and the issue upon which the majority decides this case is that both *Peace* and *Baker* were decided on the basis of sufficiency of the evidence, not sufficiency of the charge as determined here.