THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARL BOOSE, Defendant-Appellant.

First District (3rd Division)   No. 84—1817

Opinion filed December 30, 1985.

James J. Doherty, Public Defender, of Chicago (Margaret M. Drewko and Judith Stewart, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Donna More, and Gustavo Munoz, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Following a bench trial defendant, Carl Boose, was convicted of burglary and retail theft. He was sentenced to seven years for burglary and 365 days for theft, the sentences to run concurrently. Defendant appeals the burglary conviction and sentence.

On December 18, 1983, Gerald Rice, supervisor of night shift guards at Marshall Field's State Street store, received a call at 8:20 a.m. from a Marshall Field's engineer. Rice testified that the engineer told him a man was sleeping in the store. Rice encountered defendant in the store near the reported location and asked what he was doing there. Defendant first responded that he was an employee, whereupon Rice asked to see an employee identification card. When Boose failed to produce a proper identification card, he was escorted to the security office where he was searched. An inventory of the items taken from his pocket included a pair of gloves, three pairs of socks bearing

Marshall Field's tags, a money order and $8.30 in currency. A search of Boose also revealed that the sweater and jacket he was wearing bore Marshall Field's price tags and sensomatic tags. The shirt Boose was wearing had a Marshall Field's label, but bore no store tags or sensomatic tags. Rice found no sales receipts for the merchandise Boose possessed. The record shows that the aggregate sales price of the merchandise was $70.90.

Rice testified further that he again asked defendant why he was in the store. Boose replied that he had been in the store all night. Rice testified that Boose then expressed his desire to pay for the merchandise, but Rice stated that the store was not opened for business. Rice also testified that Boose tried to walk away when Rice first saw him in the store.

After Rice's testimony, the State submitted a stipulation that certain police officers would offer testimony that Boose had told them that he had remained in the store after it had closed. Following the stipulation, the State rested and Boose moved for a directed verdict, which was denied. Boose then took the witness stand in his own behalf. He testified that on December 17, 1983, he consumed a fifth of gin, smoked a few joints of marijuana, and took two lids of acid. He then entered Marshall Field's at 9:45 a.m. and walked around for three or four hours, stopped in a restaurant and walked around again to see the Christmas sights. Boose testified further that sometime between 7 p.m. and 7:30 p.m., he realized that the store had closed and thought that if he tried to explain that he was locked in, the store guards would suspect him of burglary. Boose stated that he instead found a storeroom and went to sleep. Boose awoke the next morning about 7 or 8 a.m., and attempted to find a security guard to tell him what had happened. Rice apprehended him at this point.

On appeal defendant argues that the evidence is insufficient to sustain the burglary conviction because the State failed to prove that he formed the intent to steal at the time he entered Marshall Field's. Defendant was charged by information with burglary and retail theft. That information alleged that Boose committed burglary in that "he *without authority* knowingly *entered* into a building, to wit: the store of Marshall Field and Company, Inc. a corporation *with the intent* to commit the offense of theft therein." (Emphasis added.) Section 19—1(a) of our Criminal Code of 1961 defines burglary as follows:

> "A person commits burglary when *without authority* he knowingly *enters* or *without authority remains within* a building *** with intent to commit therein a felony or theft." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(a).)

We note that the statute states the offense in the alternative: a defendant commits burglary of a building either by illegal entry or by illegally remaining. In the instant case, the State chose to charge Boose with burglary by illegal entry. Thus, the State has the burden of showing that Boose entered Marshall Field's both without authority and with the intent to steal. *People v. Bryant* (1979), 79 Ill. App. 3d 501, 398 N.E.2d 941.

In Illinois it is well settled that a building open to the public can be the subject of a burglary. (*People v. Weaver* (1968), 41 Ill. 2d 434, 243 N.E.2d 245, *cert. denied* (1969), 395 U.S. 959, 23 L. Ed. 2d 746, 89 S. Ct. 2100; *People ex rel. McLain v. Housewright* (1973), 9 Ill. App. 3d 803, 293 N.E.2d 911.) As stated in *People v. Baker* (1978), 59 Ill. App. 3d 100, 102, 375 N.E.2d 176, citing *People v. Weaver* (1968), 41 Ill. 2d 434, 243 N.E.2d 245, *cert. denied* (1969), 395 U.S. 959, 23 L. Ed. 2d 746, 89 S. Ct. 2100, and *People v. Blair* (1972), 52 Ill. 2d 371, 288 N.E.2d 443:

> "***authority to enter a business building or other building open to the public extends only to those who enter with a purpose consistent with the reason the building is open and that an entry into such a building with intent to commit a theft cannot be said to be within the authority granted those who might enter."

Under the "public building" aspect of burglary, the element of entry without authority need not be established apart from the element of entry with intent to commit a theft. Therefore, a mere showing that Boose entered Marshall Field's for the purpose of stealing satisfies both elements of the offense.

The crime of burglary often requires that its elements be proved by circumstantial evidence. (*People v. Richardson* (1984), 104 Ill. 2d 8, 470 N.E.2d 1024.) In the instant case, we find the evidence insufficient to support an inference that defendant entered the store for the purpose of stealing. There is uncontroverted evidence that Boose, who was highly intoxicated, entered the store during regular business hours, went to several restaurants in the store and walked around for several hours viewing the Christmas sights. At approximately 7:30 p.m., Boose realized that the store was closed. He went to sleep in a storeroom to avoid being found and suspected of wrongdoing. After nearly 24 hours had passed, Boose was found wearing clothes bearing price tags and sensomatic tags. This evidence alone does not establish beyond a reasonable doubt that defendant entered with an intent to commit theft.

In *People v. Weaver* (1968), 41 Ill. 2d 434, 243 N.E.2d 245, *cert.*

*denied* (1969), 395 U.S. 959, 23 L. Ed. 2d 746, 89 S. Ct. 2100, and *People v. Schneller* (1966), 69 Ill. App. 2d 50, 216 N.E.2d 510, both defendants were convicted of burglarizing buildings opened to the public during business hours. These courts considered the presence of burglary tools and/or weapons, and the suspicious circumstances surrounding the defendants' arrests sufficient to establish that the defendants entered the buildings with the intent to steal. In the case at bar, Boose possessed no burglary tools or weapons. The circumstances surrounding his arrest give no indication that he entered with an intent to steal.

In *People v. Kelley* (1916), 274 Ill. 556, 113 N.E. 926, the defendant was convicted of burglary after he entered a store opened for business and allegedly took money from a customer. In reversing the conviction our supreme court stated:

> "The intent is an essential element of the crime of burglary and must be proved beyond a reasonable doubt. There is no evidence as to the intent with which the defendant entered the store, unless it is found in his conduct after entering. *** He may have taken advantage of the opportunity to commit larceny, but his presence in the store is as consistent with his innocence as with his guilt of the criminal intent at the time of his entry." (274 Ill. 556, 558, 113 N.E. 926.)

Similarly, in the instant case, there is no evidence as to the intent with which Boose entered Marshall Field's. Indeed, the evidence supports an inference that Boose formulated the intent to take the items some time after entering the store. (See *People v. Fisher* (1980), 83 Ill. App. 3d 619, 404 N.E.2d 859.) A criminal intent formulated after a lawful entry will satisfy the offenses of larceny (retail theft) or burglary by illegally remaining. It will not, however, satisfy the offense of burglary by illegal entry. (*People v. Weaver* (1968), 41 Ill. 2d 434, 243 N.E.2d 245, *cert. denied* (1969), 395 U.S. 959, 23 L. Ed. 2d 746, 89 S. Ct. 2100; *People v. Baker* (1978), 59 Ill. App. 3d 100, 375 N.E.2d 176; *People ex rel. McLain v. Housewright* (1973), 9 Ill. App. 3d 803, 293 N.E.2d 911.) We therefore hold that the State failed to prove beyond a reasonable doubt that Boose possessed the requisite intent at the time he entered the store.

Accordingly, we reverse the judgment of the circuit court of Cook County finding defendant guilty of burglary by illegal entry.

Reversed.

McNAMARA and RIZZI, JJ., concur.