THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID O'BANION, Defendant-Appellant.

Third District   No. 3—92—0896

Opinion filed December 17, 1993.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, David O'Banion, was found guilty of burglary and retail theft. He was sentenced to 24 months of probation, a $1,000 fine, and 200 hours of public service for the burglary and assessed costs for the retail theft. The defendant appeals.

At trial, Steven Benson testified that he was working as a loss control manager for K mart on February 28, 1992. At 8:11 p.m., he was looking out of a security window in the pharmacy area of the store when he first noticed the defendant. The defendant pushed an empty shopping cart up to a counter in an area under remodeling. He picked up a plastic K mart merchandise bag and placed it in the bottom of the cart. The defendant then went over to a Nintendo video game display, placed four game-cartridges in the cart, and covered them with the bag. Afterward, the defendant went to the rear of the store.

Benson followed and watched the defendant through a one-way mirror. The defendant put three of the game cartridges in the bag and the remaining cartridge in his coat. At this point, Benson went to the front of the store ahead of the defendant and asked stock boy Junior Martinez to assist him. As the defendant approached the front of the store, he removed the bag from the cart and left the store without going through a register.

Outside, Benson identified himself as a security officer and asked the defendant to return to the store. The defendant ignored Benson and continued walking. Benson then grabbed the defendant's wrist and the bag. In response, the defendant struck Benson. Martinez then grabbed the defendant from behind. During this struggle, a game cartridge fell from the defendant's coat. The defendant then agreed to return to the store. However, as Martinez released him, the defendant ran to a vehicle driven by a woman, got in, and the vehicle drove off. Benson observed the license plate number of the vehicle. It was registered in the defendant's name. The defendant was subsequently arrested.

On appeal, the defendant argues that the evidence did not establish beyond a reasonable doubt that he entered the premises with the

intent to commit a theft so as to sustain his burglary conviction. We agree.

When a defendant challenges the sufficiency of the evidence that resulted in his conviction, a reviewing court will uphold the conviction only if, upon viewing the evidence in a light most favorable to the prosecution, the court finds that a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

The burglary indictment alleged that the defendant "without authority, knowingly entered a building of K-Mart *** with the intent to commit therein a theft." Section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 19—1) defines burglary as follows:

> "A person commits burglary when without authority he knowingly enters or without authority remains within a building, *** or any part thereof, with intent to commit therein a felony or theft."

By charging the defendant with burglary by illegal entry, the State had the burden of proving that the defendant entered the K mart store without authority and with the intent to steal. *People v. Boose* (1985), 139 Ill. App. 3d 471, 487 N.E.2d 1088.

In the instant case, there is no evidence that the defendant intended to commit a theft when he entered the store. In fact, there is no testimony as to when the defendant entered the store, how long he was there, and what his actions were before being noticed by the loss control manager. As a result, there is no evidence from which the defendant's intent at the time of entry could be reasonably inferred. Accordingly, the State's evidence was insufficient to prove beyond a reasonable doubt that the defendant entered the store with the intent to commit a theft.

The defendant also argues that since the legislature created separate crimes for burglary and retail theft, it did not intend retail theft to be prosecuted as a burglary. However, since we have reversed the burglary conviction on other grounds, we find that this issue is moot. Therefore, we shall not address it.

For the reasons indicated, we reverse the defendant's conviction and sentence for burglary. We affirm the defendant's conviction for retail theft and remand the cause for resentencing on that count. See *People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180.

Reversed in part; affirmed in part and remanded.

STOUDER and BARRY, JJ., concur.