THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GAYLE A. STAGER, Defendant-Appellant.

Second District   No. 2—87—0178

Opinion filed April 21, 1988.

Joseph P. Spiezer, of Rockford, for appellant.

Charles R. Hartman, State's Attorney, of Freeport (William L. Browers and June E. Hartman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Gayle A. Stager, and two codefendants, her daughter, Lisa Stager, and her mother, Irene Bast, were all found guilty by the circuit court of Stephenson County in a joint bench trial of the offenses of burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a)) and misdemeanor theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1)) arising out of the same shoplifting incident at an Eagle grocery store in Freeport on July 24, 1986. Defendant was sentenced on the burglary offense to a 30-month term of probation which included, as conditions, a $1,000 fine, a 30-day jail term, and 200 hours of public service, and on the misdemeanor theft offense to a one-year probation term to be served concurrently with the burglary sentence.

This appeal involves only defendant, Gayle A. Stager, and raises the single issue of whether her entry into the Eagle store with both the intent to purchase goods and to commit a theft can legally constitute an unlawful entry without authority to sustain the burglary conviction.

At trial, the evidence established that, at about 7:40 p.m. on July 24, 1986, defendant, her mother, and daughter were in the Eagle grocery store. They were observed pushing a grocery cart down several aisles by store employees. The cart contained three purses which were described as nylon "jet bags" or duffle bags. The three each placed merchandise into the cart and also into the three purses. Later, when they went through the checkout counter, they paid for items in the shopping cart. As they left the store, the three persons were stopped and then brought to a room in the back of the store. The purses were emptied and contained, among other things, various Eagle merchandise, including a carton of cigarettes, hair spray, soap, ketchup, packages of hamburger, steaks, roasts, and other unpaid for items.

David Kentner, a Freeport police officer, testified that he and another officer interviewed defendant at the police station shortly after her arrest. Defendant told the officers that she and her daughter and mother normally did their shopping at Eagle on Thursday evenings and on this occasion it was understood that they were going to steal some merchandise. They obtained the duffle bags at their home to use for the purpose of shoplifting. Defendant left the purse that she usu-

ally carried in her van when they parked outside the Eagle store. She admitted placing some items into the duffle bags and putting other merchandise, which they were going to purchase, into the cart.

Defendant testified that she did not form the intent to shoplift until after she entered the Eagle store and denied telling Officer Kentner that she intended to steal the merchandise before going into the store. She admitted knowing that she left the store without paying for certain items. On rebuttal, Freeport police officer Bob Smith testified that defendant told him and Officer Kentner that she took the duffle bag with her so that she could conceal things in it and carry items out of the store.

The trial court found the testimony of the State's witness to be more credible than that of defendant and found the defendant guilty of both misdemeanor theft and burglary.

While agreeing with Illinois case law holding that authority to enter a business building, or other building open to the public, extends only to those who enter with a purpose consistent with the reason the building is open and that entry into such a building with intent to commit a theft cannot be within the authority granted those who might enter, defendant contends that one of the purposes of her entry into the Eagle store, as shown by the proofs, was to purchase merchandise. Defendant further argues that, as the purpose of purchasing merchandise was consistent with the reason the Eagle store was open, her entry was lawful and within the authority granted by the store. Accordingly, she maintains that the evidence does not establish an entry without authority, an essential element to prove burglary.

The State responds that the invitation to the general public granting authority to enter a business establishment is to conduct business, not to commit a theft. Thus, where the proofs here show the entry was to steal merchandise, the authority to enter does not extend to one who intends to steal merchandise while conducting business as well.

In *People v. Weaver* (1968), 41 Ill. 2d 434, 243 N.E.2d 245, our supreme court held that the burglary statute requires an entry which is both without authority and with intent to commit a felony or theft. (41 Ill. 2d at 439, 243 N.E.2d at 248.) The court further stated that "authority to enter a business building, or other building open to the public, extends only to those who enter with a purpose consistent with the reason the building is open." (41 Ill. 2d at 439, 243 N.E.2d at 248; see *People v. Blair* (1972), 52 Ill. 2d 371, 374, 288 N.E.2d 443.) Thus, an entry with intent to commit a theft cannot be said to be within the authority granted patrons of a business building.

*Weaver*, 41 Ill. 2d at 439, 243 N.E.2d at 248.

The parties have not cited, nor has our research disclosed, any Illinois authority addressing the precise issue of whether an intent to enter a business building for the purposes of committing a theft and for transacting lawful business is within the authority granted patrons by the owners of the business. Nevertheless, the analysis in *Weaver*, and logic, suggest that the authority to enter a business building, or other building open to the public, extends only to those who enter solely with a lawful purpose to transact business or for such other purpose as is consistent with the reason the building is open. The Eagle store here cannot seriously be said to have given authority to enter to one who transacts some business but who also enters with the intent to steal. Further, an employee of the Eagle store testified that permission to enter is not given to persons who enter with the intent to commit a theft. Defendant does not contest on appeal the sufficiency of the proof that she entered the store with the intent to commit a theft.

Accordingly, for the foregoing reasons, the conviction for burglary is affirmed.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.