2020 IL App (2d) 160314-U
No. 2-16-0314
Order filed May 15, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15-CF-2543 |
| | ) | |
| TERRENCE ISON, | ) | Honorable |
| | ) | Robert A. Miller, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices McLaren and Bridges concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The evidence of defendant's intent when entering the store was sufficient to support his conviction of burglary by illegal entry.

¶ 2    Following a jury trial, the defendant, Terrence Ison, was convicted of burglary by illegal entry into a store (720 ILCS 5/19-1 (West 2014)) and retail theft (720 ILCS 5/16-25 (West 2014)). He was sentenced to six years' imprisonment on each count, to run concurrently. He now appeals

only the conviction of burglary, arguing that the evidence as to his intent when entering the store was insufficient to prove his guilt beyond a reasonable doubt.[1] We affirm.

¶ 3                                    I. BACKGROUND

¶ 4       The following evidence was adduced at trial. Sam Cortis was the manager of a CVS drugstore in Addison. He was at the store working on Christmas Eve, December 24, 2015. About 12:30 p.m., he was approached by supervisor Teresa Sanders, who told him that a customer had reported seeing a man shoplifting in the lotion aisle and then moving to another aisle. Cortis and Sanders began to walk through the store, checking the aisles. Sanders found Ison in the household items aisle, stuffing air freshener cans into a backpack. She yelled at him, demanding to know what he was doing, and he zipped up the backpack and ran out of the store. Cortis and Sanders followed. Cortis saw Ison running down the sidewalk. A patron of another store stepped out of a door and collided with Ison, who dropped his backpack. Ison kept running. Cortis retrieved the backpack and returned to the store, where he rang up the items to generate a record of what was taken. The total cost of the stolen items was $263.32.

¶ 5       The theft was immediately reported to the Addison police department. Police sergeant Kevin Dempsey heard a radio call about a retail theft, which included a description of the subject

---

[1] Ison initially planned to raise an argument based upon *People v. Johnson*, 2018 IL (3d) 150352. However, the supreme court accepted review of that decision shortly thereafter, and briefing in this appeal was stayed pending the outcome of that review. After the supreme court issued its decision reversing the decision upon which Ison had relied (see *People v. Johnson*, 2019 IL 123318), he received permission from this court to withdraw his opening brief and file an amended brief asserting the argument we discuss here.

and what he was wearing. Dempsey drove toward the area where the subject was reported to have fled and found Ison, who matched the description. Although Ison at first denied having come from the CVS, he then told Dempsey that "he took some body wash for Christmas presents because he didn't have money for them." Dempsey detained Ison. Cortis arrived and identified Ison as the shoplifter, and Dempsey then arrested Ison.

¶ 6     At the police station, Ison waived his *Miranda* rights and was interviewed by Dave Below, a patrol officer. Below had responded to the CVS store and had been present when the items from the backpack were rung up. Below initially testified that Ison said that "he went in there to take items for Christmas gifts 'cause he didn't have money for his family and those were going to be used as gifts." On cross-examination, Below conceded that his police report did not mention any statement by Ison about why he went into the CVS, instead stating only that Ison said "he took the items because he had no money for Christmas gifts." Ison also identified the backpack as his, and said that a friend had driven him to the store and was supposed to be waiting for him outside but the friend left before Ison ran out of the store. Ison signed a written statement that stated,

> "I went into the CVS to purchase some body wash. I was going to pay for two of the body wash. I put two on the counter, and (was going) to take twelve. But before I knew what was going on, I was being yelled at. I got nerves [*sic*] and took off and ran."[2]

When he was arrested, Ison had $10.14 in cash on his person. Below could not recall whether Ison had any credit or debit cards with him.

¶ 7     During the trial, a time-stamped video from the store was played for the jury. It showed Ison entering the store at 12:25:47 p.m., beginning to take items off of shelves and place them in

---

[2] The parentheses around "was going" are in the handwritten original of the statement.

his backpack at 12:26:10 p.m., traversing the aisles and casually putting more items in his backpack for the next few minutes, and running out of the store pursued by Cortis at 12:30:09 p.m.

¶ 8        The defense's closing argument essentially admitted that Ison committed retail theft, but argued that the State had not proved its case as to burglary because there was no evidence about when Ison decided that he was going to shoplift or that he entered the store with the intent to steal. The State's rebuttal argued that there was circumstantial evidence that Ison entered the store with the intent to steal, including his empty backpack, his failure to use a shopping cart or basket, his starting to take things off the shelf and put them in his backpack soon after entering the store, and his friend who was supposed to be waiting with a car.

¶ 9        After deliberating for more than a day, and requesting several items including a definition of reasonable doubt and a transcript of the officers' testimony, the jury found Ison guilty on both counts. He was later sentenced to six years on each count, to run concurrently.

¶ 10                                              II. ANALYSIS

¶ 11        On appeal, Ison argues that the State failed to prove beyond a reasonable doubt that he entered the CVS with the intent to commit a theft. The State contends that the evidence was sufficient to permit the jury to draw the inference that Ison possessed the necessary criminal intent.

¶ 12        In evaluating the sufficiency of the evidence, it is not the province of this court to retry the defendant. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). The relevant question is " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The weight to be given to the witnesses' testimony, the determination of their credibility, and the reasonable inferences to be drawn from the evidence are all matters within the jurisdiction of the trier of fact. *People v. Smith*,

185 Ill. 2d 532, 542 (1999); *Collins*, 106 Ill. 2d at 261-62. Likewise, the resolution of any conflicts or inconsistencies in the evidence is also within the province of the fact finder. *Collins*, 106 Ill. 2d at 261-62. We will set aside a criminal conviction only "where the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of defendant's guilt." *Smith*, 185 Ill. 2d at 542.

¶ 13    Ison argues that the requirement that he entered the CVS with the intent to commit a crime therein (theft) was not proved beyond a reasonable doubt. He points out that a criminal intent formed after a lawful entry does not satisfy the burglary statute (*People v. Weaver*, 41 Ill. 2d 434, 439 (1968)), and the mere fact that a person later commits a theft is not evidence that he entered with such intent (*Johnson*, 2019 IL 123318, ¶ 28). He argues that there was no direct evidence of his intent. Neither police officer testified that he made any admission of a criminal intent when he entered (although Below initially testified that Ison said "he went in there to take items," on cross-examination Below conceded that his police report made no mention of such a statement). Further, Ison's written statement did not contain any admission about his intent at the time he entered the CVS.

¶ 14    Ison argues that instead, the State's case relied solely upon circumstantial evidence of Ison's intent at the time he entered, but that was also almost wholly lacking. Intent can be proven through circumstantial evidence (*People v. Brown*, 2017 IL App (1st) 142877, ¶ 40), and circumstantial evidence is sufficient to sustain a conviction if it establishes proof beyond a reasonable doubt of the elements of the crime (*People v. Hall*, 194 Ill. 2d 305, 330 (2000)). Relevant circumstances that can show the presence or lack of an intent to steal when entering include the time, place, and manner of entry into the premises, the defendant's activity inside, and any alternate explanations for the defendant's conduct. *People v. Maggette*, 195 Ill. 2d 336, 354

(2001); *Brown*, 2017 IL App (1st) 142877, ¶ 40. Ison argues that he entered the store openly in the middle of the day; that entering the store with an empty backpack is not in itself indicative of criminal intent; and that the fact that he had some cash with him indicates that his conduct was consistent with entering the store for an innocent purpose, *i.e.*, to buy something.

¶ 15    The State initially contradicts Ison's argument that there was no direct evidence of his intent at the time of entry. Although Below's testimony about Ison's verbal admission was not supported by the police report, the jury was nevertheless free to accept that Below testified truthfully about that admission. The State also argues that certain aspects of Ison's written statement support the conclusion that he entered the store to steal something, such as his statement that he "was going to pay for two of the body wash" and "was going[] to take twelve." Ison counters that his statement also said that he went into the store to purchase body wash (a noncriminal purpose) and that, given a fair reading, the statement describes innocent conduct of placing two containers on the counter and going back for ten more. The State responds that, in evaluating the sufficiency of the evidence, the evidence must be viewed in the light most favorable to the State.

¶ 16    The State also argues that, even if the direct evidence of Ison's intent at the time of entry was inconclusive in itself, it was supported by the circumstantial evidence. That evidence included the video showing that Ison began putting items into his backpack shortly after entering and the fact that, when confronted, Ison zipped up his backpack and ran out of the store rather than proceeding to a checkout counter.

¶ 17    As we have mentioned, it is not the province of this court to reweigh the evidence. *Collins*, 106 Ill. 2d at 261-62. The jury, which could observe the witnesses as they testified, was in the best position to do that, and we will not upset their verdict unless the evidence "is so unreasonable,

improbable, or unsatisfactory as to justify a reasonable doubt of defendant's guilt." *Smith*, 185 Ill. 2d at 542. Here, viewed as a whole, the evidence regarding Ison's intent was sufficient to support Ison's conviction of burglary. The video showed that Ison began placing items in his backpack immediately (less than 30 seconds) after entering the store, without any signs of uncertainty or hesitation. Ison appeared upset that his friend was not waiting with a car when he ran out of the store, suggesting that he anticipated being able to use it as a getaway car. Further, regardless of how Ison's written statement is interpreted, it was contradicted by the video, which showed that he never placed any items on the checkout counter (or even got into the checkout line), belying his argument that he intended to pay for the items. Finally, any shortcomings in the evidence of intent were clearly called out by the defense in its closing argument, and the jury's request for additional information show that it wrestled with whether to find that Ison was guilty of burglary. In light of this evidence, and the record of the jury's careful consideration of that evidence, we reject Ison's argument.

¶ 18                                    III. CONCLUSION

¶ 19    For the reasons stated, the judgment of the circuit court of Du Page County is affirmed.

¶ 20    Affirmed.