**2020 IL 125483**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 125483)

THE UNITED STATES OF AMERICA, Appellee, v. JEREMY GLISPIE, Appellant.

*Opinion filed September 24, 2020.*

JUSTICE THEIS delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Kilbride, Garman, Karmeier, Neville, and Michael J. Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    The United States Court of Appeals for the Seventh Circuit certified the following question of law to this court: "Whether, and if so under what circumstances, the limited-authority doctrine[1] applies to [Illinois's] residential

---

[1]The limited authority doctrine provides that the "authority to enter a building for a specific lawful purpose is vitiated when the wrongdoer departs from that purpose and commits a felony or theft." *People v. Wilson*, 155 Ill. 2d 374, 376 (1993).

burglary statute, 720 ILCS 5/19-3." We answer the certified question in the affirmative, holding that the limited authority doctrine applies to residential burglary by entry.

¶ 2                                                    BACKGROUND

¶ 3         Jeremy Glispie has four prior convictions for residential burglary in Illinois, having pled guilty to knowingly and without authority entering into other people's dwelling places to commit thefts. In January 2018, the government charged him with possessing a firearm as a felon in violation of 18 U.S.C. § 922(g) (2012). Glispie again pled guilty. Nonetheless, expecting the government to designate him as an armed career criminal based on the earlier convictions for residential burglary, Glispie reserved his right to challenge the designation.

¶ 4         The Armed Career Criminal Act of 1984 (Act) (18 U.S.C. § 924(e) (2012)) increases the sentences of certain federal criminal defendants who have three prior convictions for a "violent felony." *Descamps v. United States*, 570 U.S. 254, 257 (2013). Burglary is among the crimes included in the definition of a violent felony. See 18 U.S.C. § 924(e)(2)(B)(ii) (2012). Although Congress did not define burglary in the Act, the United States Supreme Court has ruled that burglary means "the generic sense in which the term is now used in the criminal codes of most States." *Taylor v. United States*, 495 U.S. 575, 598 (1990). Generic burglary, the Court explained, "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.*

¶ 5         A defendant's conviction for burglary under state law qualifies as a violent felony under the Act when the elements of the state burglary statute are the same as, or narrower, than the elements of generic burglary. See *Descamps*, 570 U.S. at 257. For instance, the Court concluded that, when a burglary statute "eliminat[ed] the requirement that the entry be unlawful," the statute was broader than generic burglary. *Taylor*, 495 U.S. at 599; see also *Descamps*, 570 U.S. at 261 (a state statute that " 'defines "burglary" so broadly as to include shoplifting' " was broader than generic burglary (quoting *Taylor*, 495 U.S. at 591)).

¶ 6    In this case, based on Seventh Circuit precedent, the district court determined that Illinois's residential burglary statute was no broader than generic burglary. Accordingly, it ruled that Glispie's prior convictions qualified as violent felonies under the Act. That ruling increased his sentencing range from a maximum of 10 years in prison to a minimum of 15 years in prison (and a maximum of life). The district court sentenced Glispie to 15 years' imprisonment.

¶ 7    On appeal, Glispie argued that the limited authority doctrine applied to the residential burglary statute, rendering it broader than generic burglary. Thus, he contended, his prior convictions did not qualify for purposes of the Act. The Seventh Circuit agreed with Glispie that, if the limited authority doctrine applied to the residential burglary statute, then his convictions would not constitute aggravating offenses. Recognizing that we had never ruled on the doctrine's applicability to the residential burglary statute, the Seventh Circuit found that the issue was likely to arise frequently and to affect the administration of justice in both state and federal courts. See *United States v. Glispie*, 943 F.3d 358, 360 (7th Cir. 2019). Accordingly, the Seventh Circuit certified a question of law to this court. We elected to answer it. See Ill. S. Ct. R. 20(a) (eff. Aug. 1, 1992).

¶ 8                                      ANALYSIS

¶ 9    At issue is whether the limited authority doctrine applies to the residential burglary statute.[2] To resolve this issue, we must examine the statutory language; accordingly, it presents a question of law that we review *de novo*. *In re Christopher K.*, 217 Ill. 2d 348, 364 (2005). "When construing a statute, this court's primary objective is to ascertain and give effect to the intent of the legislature." *Lakewood Nursing & Rehabilitation Center, LLC v. Department of Public Health*, 2019 IL 124019, ¶ 17. The plain language of the statute is the best indicator of legislative intent. *La Salle Bank National Ass'n v. Cypress Creek 1, LP*, 242 Ill. 2d 231, 237 (2011).

---

[2]"A person commits residential burglary when he or she knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft. This offense includes the offense of burglary as defined in Section 19-1." 720 ILCS 5/19-3(a) (West 2018).

¶ 10     Yet "a court will not read language in isolation; it will consider it in the context of the entire statute." *Carmichael v. Laborers' & Retirement Board Employees' Annuity & Benefit Fund of Chicago*, 2018 IL 122793, ¶ 35. In addition to the statutory language, it is proper to consider the reason for the law, the problem sought to be remedied, the goals to be achieved, and the consequences of construing the statute one way or another. *Id.* Further, when the legislature chooses not to amend a statute after judicial construction, we presume that it has acquiesced in this court's construction of the statute and declaration of legislative intent. *People v. Johnson*, 2019 IL 123318, ¶ 14. "We assume not only that the General Assembly acts with full knowledge of previous judicial decisions, but also that its silence on this issue in the face of decisions consistent with those previous decisions indicates its acquiescence to them." *In re Marriage of Mathis*, 2012 IL 113496, ¶ 25.

¶ 11     This court first applied the limited authority doctrine to Illinois's burglary statute in *People v. Weaver*, 41 Ill. 2d 434 (1968). In *Weaver*, the defendant was convicted of burglary after he walked into an open laundromat, pried open a vending machine, and removed money from it. *Id.* at 435-36. On appeal, the defendant argued that, because the laundromat was open to the public at the time he was apprehended, his presence there was as consistent with his innocence as with his guilt of criminal intent at the time of his entry. *Id.* at 438.

¶ 12     This court observed that "a common-law breaking [was] no longer an essential element of the crime of burglary." *Id.* We also noted that the text of the burglary statute required an entry that was both without authority and with the intent to commit a felony or theft. *Id.* at 439; see 720 ILCS 5/19-1(a) (West 2018) ("A person commits burglary when without authority he or she knowingly enters *** a building *** with intent to commit therein a felony or theft."). Finding that the "authority to enter a business building, or other building open to the public, extends only to those who enter with a purpose consistent with the reason the building is open," this court held that an entry with the intent to commit a theft was not "within the authority granted patrons of a laundromat." *Weaver*, 41 Ill. 2d at 439.

¶ 13     Following *Weaver*, courts have consistently applied the limited authority doctrine to burglary by entry of business buildings. For instance, in *People v. Blair*, 52 Ill. 2d 371, 374 (1972), we upheld the defendants' convictions for burglary when they entered a car wash "with admitted intent to commit a theft." Most recently, in

- 4 -

*Johnson*, 2019 IL 123318, we reaffirmed the limited authority doctrine's applicability to retail establishments. We observed that, if the "defendant had the intent to commit a theft when he entered the Walmart, then, under *Weaver*, it must necessarily follow that his entry was 'without authority' within the meaning of section 19-1(a) of the burglary statute." *Id.* ¶ 19; see also *People v. Gharrett*, 2016 IL App (4th) 140315, ¶¶ 53-55 (citing *Weaver* in affirming the defendant's burglary conviction for entering a private office within a public facility with the intent to commit theft); *People ex rel. McLain v. Housewright*, 9 Ill. App. 3d 803, 806 (1973) ("[I]t would be contrary to reason and ordinary human understanding to deduce that the business invitation extended by the owners of the supermarket to the public generally would include authority to enter for an unlawful purpose."); but see *People v. Bradford*, 2016 IL 118674, ¶ 25 (declining to extend *Weaver*'s analysis to burglary by remaining).

¶ 14    We have also applied the limited authority doctrine to the home invasion statute. In part, that statute provides that "[a] person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present" and "[u]ses force or threatens the imminent use of force upon any person or persons within the dwelling place." 720 ILCS 5/19-6(a)(1) (West 2018). In *People v. Peeples*, 155 Ill. 2d 422, 487 (1993), we considered it "established that when a defendant comes to a private residence and is invited in by the occupant, the authorization to enter is limited." We explained that criminal actions went beyond that limited authority. *Id.*

¶ 15    Shortly thereafter, we reiterated that "the limited-authority doctrine is applicable to private residences." *People v. Bush*, 157 Ill. 2d 248, 253 (1993). We reasoned that, had the would-be thief informed the occupant of his or her criminal intentions, the thief would not have been allowed to enter the residence. *Id.* at 253-54. Accordingly, this court ruled that "[n]o individual who is granted access to a dwelling can be said to be an authorized entrant if he intends to commit criminal acts therein." *Id.* at 253; see also *People v. Hudson*, 113 Ill. App. 3d 1041, 1045 (1983) (holding that "without authority" has the same meaning under both the burglary and home invasion statutes).

¶ 16 In relevant part, Illinois's residential burglary statute similarly prohibits an entry into a building that is without authority. The initial version of the statute provided that a "person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." Pub. Act 82-238, § 1 (eff. Jan 1, 1982). At the time of its enactment, the limited authority doctrine had been applied to the burglary statute for more than a decade. Thus, the General Assembly was aware of how we had construed the "without authority" language in the burglary statute, and it chose to replicate that language in the residential burglary statute. Indeed, as this court later observed, "the distinguishing feature between burglary and residential burglary is that to constitute the latter offense the structure entered as described in section 19-3 must be 'the dwelling place of another.' " *People v. Bales*, 108 Ill. 2d 182, 189 (1985).

¶ 17 The General Assembly has amended the residential burglary statute multiple times over the years, yet it has retained the phrase "without authority." The current version provides, in part: "A person commits residential burglary when he or she knowingly and without authority enters *** the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft." 720 ILCS 5/19-3(a) (West 2018). Again, the legislature was cognizant of the fact that the term "without authority" in both the burglary and home invasion statutes incorporates the limited authority doctrine. See *Mathis*, 2012 IL 113496, ¶ 25. Therefore, the General Assembly's decision to maintain the term demonstrates its intent for the limited authority doctrine to apply to the residential burglary statute, as it does to the burglary and home invasion statutes.

¶ 18 The rationale behind the limited authority doctrine applies firmly to residential burglary by entry. As we observed in *Bush*, 157 Ill. 2d at 253-54, no homeowner would authorize a person to enter her home if she knew that he intended to commit crimes. See also *People v. Fisher*, 83 Ill. App. 3d 619, 623 (1980) (applying the limited authority doctrine to burglary of an apartment after finding the logic of *Weaver* "equally applicable to the matter before us"). That observation is as true of residential burglary as it is of home invasion. Indeed, courts in Illinois have applied the limited authority doctrine to the residential burglary statute for more than 30 years. See, *e.g.*, *People v. Walker*, 191 Ill. App. 3d 382, 387 (1989) (upholding a conviction for residential burglary where the evidence established that the assailants entered with the intent to commit a robbery, and thus, their entry was

unauthorized); see also Illinois Pattern Jury Instructions, Criminal, No. 11.53A (approved Dec. 8, 2011) (titled "Unauthorized Entry—Limited Authority Doctrine—Home Invasion And Residential Burglary") ("The defendant's entry into a dwelling of another is 'without authority' if, at the time of entry into the dwelling, the defendant has an intent to commit a criminal act within the dwelling regardless of whether the defendant was initially invited into or received consent to enter the dwelling.").

¶ 19    The Government raises several arguments against applying the limited authority doctrine to the residential burglary statute. Noting that burglary at common law required a breaking, the Government urges this court to construe the residential burglary statute based on the common-law understanding of the offense. However, as noted above, we recognized more than five decades ago that a common-law breaking was no longer an essential element of the crime of burglary. See *Weaver*, 41 Ill. 2d at 438. Consequently, the common-law understanding of burglary does not factor into our analysis today.

¶ 20    The Government further argues that applying the limited authority doctrine to the residential burglary statute would lead to absurd results. According to the Government, if the doctrine applies to residential burglary, then cotenants may be convicted of burglarizing their own homes. However, residential burglary occurs when a person who lacks authority enters the "dwelling place *of another*" with the intent to commit therein a felony or theft. (Emphasis added.) 720 ILCS 5/19-3(a) (West 2018). Therefore, the absurd results that the Government references could not transpire. *Cf. People v. Taylor*, 318 Ill. App. 3d 464, 473 (2000) (vacating the defendant's conviction where he did not enter the " 'dwelling place of another' ").

¶ 21    Decades after the residential burglary statute was enacted, the General Assembly added the following provision:

> "A person commits residential burglary who falsely represents himself or herself, including but not limited to falsely representing himself or herself to be a representative of any unit of government or a construction, telecommunications, or utility company, for the purpose of gaining entry to the dwelling place of another, with the intent to commit therein a felony or theft or to facilitate the commission therein of a felony or theft by another." Pub. Act 96-1113, § 5 (eff. Jan. 1, 2011).

According to the Government, the General Assembly would have had no reason to add subsection (a-5) if the limited authority doctrine applies to the residential burglary statute because "the unauthorized-entry requirement under subsection (a) could be met merely by a finding of criminal intent at the time of entry." Yet, as the Government itself recognizes, under subsection (a-5) a person also commits residential burglary when she falsely represents herself to help *someone else* enter the owner's home to commit a felony or theft. 720 ILCS 5/19-3(a-5) (West 2018). Subsections (a) and (a-5) do not make the same conduct unlawful; therefore, applying the limited authority doctrine to residential burglary by entry as set forth in subsection (a) does not result in surplusage.

¶ 22     In sum, we hold that the limited authority doctrine applies to residential burglary by entry. The question of whether the doctrine applies to residential burglary by remaining is not before us, and thus, we decline to answer it.

¶ 23                                    CONCLUSION

¶ 24     For these reasons, we answer the certified question in the affirmative, holding that the limited authority doctrine applies to residential burglary by entry.

¶ 25     Certified question answered.